IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DONNA CULLMAN** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | Case No. 2:18-cv-1335 |
| v. | : | |
| | : | Judge |
| **UNITED STATES OF AMERICA,** | : | |
| **UNITED STATES POSTAL SERVICE,** | : | |
| | : | |
| and | : | |
| | : | |
| **PATRICK LAROSA,** | : | |
| **Agent of the United States Postal Service,** | : | |
| **sued in his individual capacity,** | : | |
| | : | |
| **Defendants.** | : | |

## COMPLAINT

## THE PARTIES

1. Plaintiff, Donna Cullman, is a citizen and resident of the State of Ohio. She lives in Marysville, Ohio.

2. Both the United States of America and the United States Postal Service ("USPS") are appropriate defendants under the Federal Tort Claims Act.

3. Defendant Patrick "Skip" LaRosa is the Postmaster at the USPS property located in Marysville, Ohio and is sued in his individual capacity.

## JURISDICTION AND VENUE

4. This action is brought pursuant to Federal Tort Claims Act, 28 U.S.C. §2671, *et seq*.

5. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675.

6. On September 2, 2016, Plaintiff submitted an Administrative Claim for the claim set forth below to the United States Postal Service.

7. This suit has been timely filed, in that Plaintiff timely served notice of her claim on the United States Postal Service less than six months from the denial of Plaintiff's request for reconsideration by the USPS Tort Claim Administrator for the USPS on June 1, 2018.

8. Plaintiff is now filing this Complaint pursuant to 28 U.S.C. §2401(b) after receiving the USPS's June 1, 2018 notice of "final denial of administrative claim."

9. Venue is proper in the Southern District of Ohio, Eastern Division, under 28 U.S.C. §1402(b) because Plaintiff resides in this Judicial District and the claims alleged herein arose within this Judicial District.

**FACTS**

10. On February 9, 2015, Ms. Cullman went to the Marysville branch of the USPS located at 202 N. Main Street in Marysville, Ohio.

11. Ms. Cullman parked her car in the parking lot of the post office and proceeded to the sidewalk leading to the building which was immediately adjacent to the parking lot.

12. Unbeknownst to Ms. Cullman, the area where the sidewalk connects to the parking lot had a substantial accumulation of ice.

13. As Ms. Cullman walked from the parking lot to the sidewalk, she slipped and fell on the accumulation of ice.

14. The temperature on the day of the incident was 43 degrees and the day before the incident the high had been 56 degrees with a low of 39 overnight with little to no precipitation.

15. The remainder of the parking lot was substantially clear of any remaining snow or ice. Only the area where Ms. Cullman fell had a substantial accumulation of ice.

16. The area with the ice was an unnatural accumulation that was the result of negligence by the USPS in placing a concrete pad directly in front of an integrated downspout, leading the water from the roof to collect unnaturally in the location where the sidewalk adjoins the parking lot.

17. By changing the flow of water coming off of the roof of the post office building so that it drained first onto the concrete pad and then onto the sunken sidewalk, it was foreseeable that the sidewalk would become covered with ice during periods of freezing or near freezing temperatures.

18. The USPS intervening act of constructing the concrete pad without providing an alternative outlet or redirecting the flow of water away from the sidewalk and handicap accessible ramp created the conditions on the USPS property that directly and proximately caused Ms. Cullman's injuries. The concrete pad slopes away from the building and toward the sunken sidewalk causing water to accumulate. Although the water comes from a natural source, the location of the concrete pad and improper slope of the sidewalk constitute intervening negligence by the USPS.

19. The USPS was aware of the hazard of ice accumulating in the area and placed a single pylon at the opposite end of the iced over area at some point prior to Ms. Cullman's fall. That pylon was embedded in the ice at the time of Ms. Cullman's fall.

20. Due to the fall, Ms. Cullman sustained a trimalleolar fracture of her lower left limb, specifically a comminuted fracture of her left distal fibula, posterior malleolus, and lateral malleolus of her left tibia. Ms. Cullman was further diagnosed with neurological damage to her lower left extremity known as complex regional pain syndrome.

21. Despite attempts to treat her painful symptoms, Ms. Cullman continued to suffer and ultimately required the implantation of a spinal stimulator in order to walk without severe pain.

22.     Due to the excruciating pain Ms. Cullman was suffering she became despondent and depressed because her symptoms persisted.  She was referred to the Cleveland Clinic to receive counseling on how to learn coping techniques in hopes that she could ultimately come to terms with her condition and learn to live with the permanence of her injuries.

23.     As a result of the injuries, Ms. Cullman incurred $139,491.31 in medical bills. Further, Ms. Cullman has endured significant mental and emotional distress and trauma as a result of her injuries.

## CAUSE OF ACTION
## COUNT 1 – NEGLIGENCE

24.     Plaintiff Cullman realleges and reincorporates each and every allegation above as if fully set forth herein.

25.     The Defendants had a duty of care to maintain the sidewalks and approaches to the postal office as not to create a hazard to postal patrons, as provided in the USPS Operation and Maintenance of Real Property Handbook.

26.     The Defendants breached their duty of care to Ms. Cullman.

27.     At all times relevant to this complaint the Defendants had a duty to maintain the driveways, maneuvering areas, sidewalks and curbs on USPS property with particular attention given to sidewalk areas adjacent to USPS buildings.  The USPS property handbook provides that "walkways are to be lighted, have drainage, and be protected from parking areas and driveways by curbs, fences or walls."  It further provides that "[T]he snow removal plan shall specify areas to receive priority treatment, such as pedestrian loading zones, walks, main entrances, approaches, maneuvering areas, and parking lots."

- 5 -

28. The Defendants breached their duty by negligently constructing a concrete pad in front of a downspout without proper outlet or redirecting the water away from the sidewalk which resulted in the unnatural accumulation of ice on the sidewalk.

29. The Defendants had a duty to provide adequate warning to postal patrons of the presence of ice on the sidewalk.

30. The USPS failed to provide adequate warnings of the presence of the unnatural accumulation of ice on the sidewalk, especially in light of the fact that the parking lot and other sections of the sidewalk on and around the USPS property were substantially free of ice or snow and the temperatures had been above freezing on the day Ms. Cullman suffered her injuries.

31. As a direct and proximate result of the Defendants' negligence, Ms. Cullman sustained serious and permanent personal injuries in and about her body; she has incurred medical expenses and other damages and will continue to incur medical expenses and other damages in the future. Ms. Cullman was forced to endure pain, suffering and mental anguish and will continue to endure pain, suffering and mental anguish in the future.

32. The acts and/or omissions set forth above would constitute a claim under the law of the State of Ohio.

33. The Defendants are liable pursuant to 28 U.S.C. 1346(b)(1).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff under all counts of the Complaint requests the Entry of Judgment for the following relief:

      A.    Award Plaintiff compensatory damages in an amount of $489,491.31;

      B.    Award Plaintiff her attorney's fees and costs to prosecute this action; and

      C.    Award such other and further relief as may be just and proper.

Respectfully submitted,


*/s/ Matthew S. Goff*
Curtis J. Sybert        (0037936)
Matthew S. Goff      (0085281)
**Sybert, Rhoad, Lackey & Swisher, LLC**
153 South Liberty Street
Powell, Ohio 43065
Telephone: (614) 785-1811
Fax: (614) 785-1069
Email: curt@curtsybert.com
Email: matt@law153group.com
*Attorneys for Plaintiff*


*/s/ Matthew L. Smith*
Matthew L. Smith     (0092444)
**Eufinger Law Offices, LLC**
214 South Court Street
Marysville, Ohio 43040
Telephone: (937) 642-1819
Fax: (866) 643-7619
Email: matt@eufingerlaw.com
*Co-Counsel for Plaintiff*